**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ___________________

GRANITE SOURCE, INC.

Plaintiff,

v.

ELAVON, INC.

and

U.S. BANK NATIONAL ASSOCIATION,

Defendants.

---

**DEFENDANTS' NOTICE OF REMOVAL OF PENDING STATE COURT ACTION UNDER 28 U.S.C. §§ 1332(a) AND 1441(b)**

---

**TO: THE CLERK OF THE ABOVE ENTITLED COURT**

**PLEASE TAKE NOTICE** that Defendants Elavon, Inc. ("Elavon") and U.S. Bank National Association ("U.S. Bank," collectively, "Defendants") hereby remove to this Court the state court action described below and filed by Plaintiff Granite Sources, Inc. ("Plaintiff"). The statutory basis for removal is pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).

**BACKGROUND**

1. Defendants remove this case on the basis of diversity jurisdiction because there is complete diversity of citizenship among all parties to this litigation – Elavon, U.S. Bank, and Plaintiff – and the amount in controversy exceeds $75,000 exclusive of interest

and costs. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.").

2. The removed case is a civil action filed on April 7, 2022, in the District Court for Jefferson County, Colorado, entitled *Granite Source, Inc. v. Elavon, Inc. et al.*, Case No. 2022CV30394.

3. As required by 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other papers on file are attached hereto as **Exhibit A**.

4. In its Complaint, Plaintiff asserts three causes of action against Defendants: breach of contract, promissory estoppel, and negligent misrepresentation. Based on these allegations, Plaintiff asserts that it is entitled to relief that exceeds the sum or value of $75,000. (District Court Civil Case Cover Sheet at 1.)

**TIMELINESS OF REMOVAL**

5. This Notice of Removal is timely in that it is filed within 30 days from the date Defendants received a copy of the Summons and Complaint. *See* 28 U.S.C. §§ 1441(e), 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999) (removal period "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons . . . .").

6. Because the Summons and Complaint were received by Defendants on or about April 13, 2022, this Notice of Removal is timely filed.

## **DIVERSITY OF CITIZENSHIP**

7. Complete diversity of citizenship exists in this matter.

8. Plaintiff alleges that it is a citizen of Colorado. (*See* Complaint ¶ 1.)

9. Elavon is a Georgia corporation with its principal place of business in Atlanta, Georgia and is therefore a citizen of the State of Georgia.

10. U.S. Bank is a Delaware corporation with its principal place of business and main office in Minneapolis, Minnesota and is therefore a citizen of the State of Minnesota.

## **AMOUNT OF CONTROVERSY**[1]

11. Plaintiff asserts that the amount in controversy exceeds $75,000, and specifically admits that it "is seeking a monetary judgment against [Defendants] for more than $100,000.00, including any penalties or punitive damages, but excluding attorney fees, interest and costs." (*See* District Court Civil Case Cover Sheet at 1.)

12. Plaintiff's Complaint is premised on the contention that Defendants refused to give them certain sums owed after a fraudulent transfer of funds took place through Plaintiff's business email. (*See* Complaint, ¶¶ 5-17.)

---

[1] Defendants deny any and all liability to Plaintiff, and deny that Plaintiff suffered any damages. Discussion of potential damages is made solely for the purposes of establishing the amount in controversy.

13. Accordingly, the amount in controversy in this case exceeds the jurisdictional minimum of $75,000 required for diversity jurisdiction pursuant to 28 U.S.C. § 1332.[2]

14. In the event that Plaintiff seeks to remand this case, or the Court considers remand *sua sponte*, Defendants respectfully request the opportunity to submit such additional argument or evidence in support of removal and the amount in controversy as may be necessary.

**ALL PROCEDURAL PREREQUISITES TO REMOVAL HAVE BEEN MET**

15. Pursuant to 28 U.S.C. § 1441(a) and 28 U.S.C. § 1446(a), Defendants are filing this Notice of Removal in the federal district court embracing the state court where Plaintiff's Complaint was filed.

16. Beyond the mailing of the Summons and Complaint, no other process, pleadings or orders have been served upon Defendants. *See* 28 U.S.C. § 1446(a).

17. Defendants will give written notice of the filing of this Notice of Removal to Plaintiff and a Notice of Filing of Notice of Removal is being filed with the Clerk of the District Court for Jefferson County, Colorado, from which this action is removed, as required by 28 U.S.C. § 1446(d). Copies of both are attached hereto as **Exhibit B** and

[2] When the Complaint is read as a whole, it is clear that Plaintiff seeks, at minimum amount that exceeds $75,000. Therefore, from the "combination of facts and theories of recovery" alleged in the Complaint, the amount in controversy exceeds $75,000. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 -56 (10th Cir. 2008); *see, e.g.*, *Fleming v. USAA Cas. Ins. Co.*, 2012 WL 652776 (D. Colo. Feb. 29, 2012) (denying motion to remand and holding that where defendant relies on more than the cover sheet to establish the jurisdictional amount in controversy, the cover sheet may be considered by the Court).

**Exhibit C**, respectively. Based upon the foregoing, this Court has jurisdiction over this matter, and the claims properly are removed to this Court.

18. Defendants reserve all rights to challenge Plaintiff's manner of service, personal jurisdiction, affirmative defenses, or subject matter jurisdiction by way of motion to dismiss or other pleading.

**WHEREFORE**, Defendants hereby removes the above captioned action from the District Court for Jefferson County, Colorado, and request that further proceedings be conducted in this Court as provided by law.

Respectfully submitted this 13th day of May, 2022.

STINSON LLP

/s/ Adine S. Momoh

Adine S. Momoh (CO #49735)
50 South Sixth Street, Suite 2600
Minneapolis, MN 55402
Telephone: 612-335-1500
Facsimile: 612-335-1657
Email: adine.momoh@stinson.com

ATTORNEYS FOR DEFENDANTS
ELAVON INC. AND U.S. BANK
NATIONAL ASSOCIATION

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 13, 2022, a true and correct copy of the foregoing **NOTICE OF REMOVAL OF PENDING STATE COURT ACTION UNDER 28 U.S.C. §§ 1332(a) AND 1441(b)** was served electronically by email and/or U.S. mail upon the following:

Dan Bonifazi
Bonifazi And Associates
1873 South Bellaire Street, Suite 1401
Denver, CO 80222
Phone: 720-208-0111
Email: Dan@NBColorado.com

s/ Adine S. Momoh
Adine S. Momoh